An appropriate order is entered.

Robert R. LLOYD, Plaintiff,

v.

MONESSEN SOUTHWESTERN RAILWAY COMPANY, a corporation, Defendant.

Civ. A. No. 14306.

United States District Court
W. D. Pennsylvania.

July 8, 1959.

Thomas P. Shearer, of Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

Gilbert J. Helwig, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

WALLACE S. GOURLEY, Chief Judge.

This proceeding involves a claim for damages under the Federal Employers' Liability Act and the Safety Appliance Act, 45 U.S.C.A. § 51 et seq. and 45 U.S.C.A. § 11.

Upon jury trial, a verdict was returned in favor of plaintiff in the amount of $38,000.

The immediate matter before the court relates to a motion for new trial on the sole ground that the verdict was excessive.

Defense counsel at time of argument waived any additional contention in support of his motion for new trial, asserting that he is satisfied that sufficient evidence was adduced at time of trial to sustain defendant's liability.

Plaintiff was 34 years of age and his life expectancy was 40.6 years at the time of the accident. Abridged Life Tables United States, 1953, U. S. Department of Health, Education, and Welfare.

Plaintiff sustained a severe disc injury. He was required to wear divers braces and a cervical collar, received cervical traction and was subjected to physiotherapy for a period of two years. He submitted to an operation for the removal of a protruded disc. Extreme pain was endured for approximately three

years until the surgery was performed, after which pain was drastically relieved, but the residuals of numbness and recurrent aching continue to reappear.

In spite of his return to steady work after surgery, the record reveals that he has performed lighter work than his assignment previous to his injury. The record is replete with evidence upon which the jury might reasonably infer a definite impairment of earning power. Wages were lost in the amount of $3,658.-36 and medical bills incurred in the amount of $1,947.

■ As this Circuit has frequently reiterated, while an award may be high, it should stand if there is ample evidence to justify it. It is not my prerogative to arbitrarily substitute my judgment for that of the jury. Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 190 F.2d 825; Lebeck v. William A. Jarvis, Inc., 3 Cir., 250 F.2d 285; Thomas v. Conemaugh & Black Lick Railroad Co., 3 Cir., 234 F.2d 429.

■ Upon re-examination and meticulous review of the record, I am satisfied that the award was commensurate with the amount of damages evinced therein.

Motion for new trial will be refused.

An appropriate Order is entered.